IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-SL1, Plaintiff, | § § § § § § § § | |
| v. | § § | Civil Action No. 3:16-CV-3210-G-BH |
| CHARLES MICHAEL COMSTOCK, JAMES LAWRENCE COMSTOCK, THE UNKNOWN HEIRS AT LAW OF CHARLES THEODORE COMSTOCK, DECEASED, AND THE UNKNOWN HEIRS AT LAW OF SALLYANN COMSTOCK, DECEASED, Defendants. | § § § § § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is the defendant's "*Claim for Summary Judgment*," filed June 1, 2017 (doc. 31).[1] Based on the relevant filings, evidence, and applicable law, this motion should be **DENIED**.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 5325 South Peachtree Road, Balch Springs, Texas 75180 (the Property). (doc. 1 at 4.)[2] On July 3, 2001, Charles Theodore

---

[1] This pleading is also titled "Claim requiring the court to order the plaintiff to provide proof of a witness or for the court to discharge this cause for want of proof and lack of subject matter jurisdiction." (doc. 31 at 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Comstock executed a Texas Home Equity Note (Note) in favor of Homecomings Financial Network, Inc. (Homecomings) for a home equity loan in the original principal amount of $76,000.00. (doc. 46-1 at 7-13.) He and his wife, Sallyann Comstock (collectively Borrowers), contemporaneously executed a Texas Home Equity Security Instrument (Security Instrument) and a Texas Home Equity Affidavit and Agreement (Affidavit) that granted a security interest in the Property to Homecomings to secure repayment under the Note. (*Id.* at 15-32.) Under the terms of the Note and Security Instrument, Borrowers would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings. (*Id.* at 7-13, 15-32.)

On August 13, 2001, the Note and Security Instrument were assigned to Bankers Trust Company (Bankers Trust) in an Assignment of Deed of Trust filed in the public records of Dallas County, Texas. (*Id.* at 35-36.) The Note was subsequently assigned by Bankers Trust to Residential Funding Corporation (Residential Funding) as reflected in an allonge to the Note. (*Id.* at 11.) The Note was assigned again by Residential Funding to Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage-Backed Pass-Through Certificates, Series 2005-SL1 (Plaintiff) as reflected in a second allonge to the Note. (*Id.* at 13.) On November 30, 2015, a Corporate Assignment of Deed of Trust, recorded in the public records of Dallas County, Texas, was executed that assigned Plaintiff as the beneficiary to the Security Instrument. (*Id.* at 33.) Plaintiff is the current owner of the Note and the beneficiary of the Security Instrument. The approved loan servicer is Ocwen Servicing, LLC (Ocwen). (doc. 46-1 at 1-5.)

Beginning April 1, 2015, Borrowers failed to submit their monthly payments as required under the Note and Security Instrument, and they were provided with a Notice of Default and Intent

to Accelerate by Ocwen's attorneys on November 9, 2015. (*Id.* at 40-41.) This Notice explained that Borrowers were in default for failure to make required payments, and that the maturity date of the loan would be accelerated if the default was not timely cured. (*Id.*) Through August 3, 2016, the total amount owed on the loan was $63,167.46 with interest and other charges continuing to accrue while in default. (*Id.* at 65-69.) It was subsequently discovered that Borrowers were deceased, but there was no probate, executor, or administrator in either estate.[3] (doc. 1 at 2-3.)

On November 16, 2016, Plaintiff filed this suit seeking to enforce its statutory probate lien on the Property through foreclosure against the heirs of the Borrowers, i.e., Charles Michael Comstock, James Lawrence Comstock, Nicole L. Comstock a/k/a Nicole Wolfe, and the Borrowers' unknown heirs.[4] (docs. 1, 39.) It seeks a declaration that it has a statutory probate lien on the Property and an order allowing it to enforce its lien through foreclosure.[5] (docs. 1 at 5-6, 39 at 5-7.) Plaintiff also alleges a claim for trespass to try title and seeks attorneys' fees as allowed under the Note and Security Instrument. (docs. 1 at 7-8, 39 at 8.) On December 19, 2016, Charles Michael Comstock (Defendant) filed a *pro se* response and is the only named defendant who has contested Plaintiff's claims. (doc. 7.)

---

[3] Under Texas Estates Code §§ 101.001(b) and 101.051, the heirs at law of the Borrowers acquired all of Borrowers' respective estates, including all of their interests in the Property immediately upon their death, subject to the debt owed to Plaintiff.

[4] Plaintiff completed service by publication on the unknown heirs at law of Charles Theodore Comstock and the unknown heirs at law of Sallyann Comstock on March 21, 2017. (doc. 23.) On April 13, 2017, an attorney ad litem was appointed to locate and represent the unknown heirs. (doc. 26.) The attorney ad litem filed his final report on May 22, 2017, in which he identified Nicole L. Comstock a/k/a Nicole Wolfe as an additional heir. (doc. 33.) After being granted leave to amend, Plaintiff file an amended complaint including Nicole L. Comstock as a defendant to this suit. (docs. 35, 38, 39.) She was served on July 13, 2017, but she has failed to file a response. (doc. 47.)

[5] Plaintiff previously filed a foreclosure action in state district court, but that suit was dismissed without prejudice and with no final judgment on the merits. *See Deutsche Bank Trust Co. v. Comstock, et al.*, DC-16-3710 (191st Dist. Ct., Dallas County, Tex. Mar. 30, 2016).

3

On June 1, 2017, Defendant filed a "claim for summary judgment" that contested subject matter jurisdiction and the sufficiency of evidence on Plaintiff's foreclosure claim. (doc. 31.) With a timely filed response and reply, the motion is ripe for recommendation. (docs. 46, 48.)

## II. SUBJECT MATTER JURISDICTION[6]

Defendant argues that this suit must be dismissed because Plaintiff has not shown that this Court has subject matter jurisdiction over it, and that he is "going to deprive this Court of any alleged jurisdiction" because he is a "higher authority than the Court." (doc. 31 at 8-10.)

Defendant's *pro se* challenge is liberally construed as a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This type of motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006). The Court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## A.     Legal Standard

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman*, 138 F.3d at 151. They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests

---

[6] Although subject matter jurisdiction is Defendant's second basis for dismissal, this issue must be determined before the merits of the suit are considered. *See United States Solomon v. Lockheed Martin Corp.*, No. 3:12-CV-4495-D, 2015 WL 6956578, at *1 (N.D. Tex. Nov. 10, 2015) ("Although defendants also assert merits-based grounds for dismissal, the court can only reach these grounds if it has subject matter jurisdiction.").

on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendant does not contest any fact in Plaintiff's complaint and appears to rely solely upon it to support his motion. (doc. 31 at 8.) Because Defendant does not present any outside evidence or disputed facts, this challenge presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

**B.    Diversity Jurisdiction**

Plaintiff's complaint alleges that diversity jurisdiction is the basis for subject matter jurisdiction over this suit. (doc. 39 at 11.)

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332. Courts may look beyond a plaintiff's allegations when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Dismissal of an alleged diversity action for lack of jurisdiction is proper when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Horton*, 367 U.S. at 353 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). Courts may also refer to the types of claims alleged by the plaintiff and the nature of the damages sought. *See id.* As the party seeking to invoke jurisdiction, the plaintiff bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. LouCon, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Here, Plaintiff establishes complete diversity because it identifies itself as a citizen of New York as "it is incorporated and has it principal place of business in New York," and the defendants as citizens of either Texas or Oklahoma. (doc. 39 at 2-4); *see* 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business). The amount in controversy is identified as being over $75,000.00, specifically the amount of the debt being at least $63,167.46,[7] plus estimated attorney's fees in the amount of $12,000.00. (doc. 39 at 4); *see Christiana Trust v. Henderson*, 181 F. Supp. 3d 375, 378-79 (S.D. Tex. 2016) (noting that, when a plaintiff is seeking foreclosure pursuant to a lien securing repayments of a debt, the outstanding amount owed on the debt plus estimated attorneys' fees is the

---

[7] Plaintiff states that "[a]s of August 3, 2016, the total amount owed on the debt at issue was $63,167.46 [but this] debt has increased since that date." (doc. 39 at 4.)

amount in controversy); *see Watson v. Provident Life & Accident Ins. Co.*, No. 3:08-CV-2065-G, 2009 WL 1437823 *5-6 (N.D. Tex. May 22, 2009) (estimated attorneys' fees through trial are to be considered in determining amount in controversy). These allegations appear to be brought in good faith, and Defendant has not contested the citizenship of the parties, the amount in controversy, or any other facts in the complaint.[8] Accordingly, Plaintiff has established diversity jurisdiction, and any motion to dismiss for lack of subject matter jurisdiction should be denied.

### III. SUMMARY JUDGMENT

Defendant also argues that he is entitled to summary judgment on Plaintiff's foreclosure claim because it has failed to provide "proof" of its claim. (doc. 31 at 3.)

### A.    Legal Standard

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

Once the movant makes this showing, the non-movant must then direct the court's attention

---

[8] In his reply, Defendant objects to the use of "admiralty jurisdiction," but this case arises under diversity jurisdiction, and not admiralty jurisdiction. (doc. 48 at 1-2.)

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'"  *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).  While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at

trial. *Celotex*, 477 U.S. at 322-23.[9]

## B.    Foreclosure

To show entitlement to an order authorizing foreclosure on a home equity loan in Texas, Plaintiff must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and notice of acceleration. *See Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing Tex. Prop. Code § 51.002); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

Here, Defendant argues that he is entitled to summary judgment because "nothing that [Plaintiff] has filed has come from a verified source" or from a "witness sworn under oath or affirmation." (doc. 31 at 3.) It appears that Defendant is arguing that he is entitled to summary judgment simply because Plaintiff did not enter any evidence into the record when it initially filed its complaint. He fails to point to anything in the record to show the absence of a genuine issue of a material fact, however, and he also fails to identify exactly what element of Plaintiff's claim lacks evidence. He instead repeats that he is entitled to summary judgment because Plaintiff failed to provide a "live witness"[10] when it filed this suit. (doc. 31 at 2-4.) Because he has made only

---

[9] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[10] Defendant states that Plaintiff must provide "a living breathing witness" because a "piece of paper cannot be sworn under oath or affirmation" by a witness. (doc. 31 at 2.) A business records affidavit, such as the one that Plaintiff attached to its summary judgment response, is admissible under the Federal Rules of Civil Procedure and Evidence. *See* Fed. R. Civ. P. 56(c); *see* Fed. R. Evid. 803(6) (establishing hearsay exception for "records of a regularly conducted activity," including records "kept in the course of a regularly conducted activity of a business"); *see also Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980) ("Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records; he need not

conclusory statements that Plaintiff lacks evidence, Defendant has failed to sustain his burden to show the absence of a genuine issue of material fact. *See Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993) (denying the defendant's motion for summary judgment because "[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case"); *see Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2016 WL 7117253, at *2 (N.D. Tex. Dec. 7, 2016) (denying summary judgment when the defendant "failed to offer any evidence whatsoever that there was an absence of proof as to the factual issue" and did not cite to the record); *see also Castaneda v. Flores*, No. 5:05-CV-129, 2007 WL 1671742, at *2 (S.D. Tex. June 8, 2007) (explaining that a defendant "cannot win summary judgment merely by repeating throughout twenty-seven pages that [a plaintiff] has 'no evidence'").[11]

Even assuming Defendant has met his summary judgment burden, Plaintiff has sufficiently shown that there is a genuine issue of material fact. In its summary judgment response, Plaintiff includes a sworn declaration of the custodian of records for the loan servicer that verifies the allegations in its complaint that it is the current holder of a Texas Home Equity Note executed by the Borrowers, whose heirs have been properly served with notice of default and acceleration informing them that the loan has been in default since April 1, 2015, with a balance of over $63,167.46 due, and formally traces the assignments of the Note and Security Instrument. (doc. 46-

have been the preparer of the record, nor must he personally attest to the accuracy of the information contained in the records.").

[11] Defendant frequently cites to *United States v. Lovasco*, 431 U.S. 783 (1977), as support for summary judgment, going as far as to ask, "what part of *U.S. v. Lovasco* do you not understand?" (doc. 31 at 8.) In *Lovasco*, the Supreme Court "consider[ed] the circumstances in which the Constitution requires that an indictment be dismissed because of delay between the commission of an offense and the initiation of prosecution." *Id.* at 784. Though it is unclear how this case affects this suit, Defendant appears to be pointing to the dissent in *Lovasco* that explains how "unsworn statements which were not part of the record [] could not have been considered by the trial court." *Id.* at 788-89.

1 at 1-5.) This declaration also authenticates copies of the Note, Security Instrument, notice of default, notice of acceleration, and confirmation of the pay-off amount.[12] (*Id*. at 7-69.) When viewed in the light most favorable to it, Plaintiff's evidence has clearly established the existence of a genuine issue of material fact relating to its claims in this case. Defendant is not entitled to summary judgment.[13]

## IV. RECOMMENDATION

Defendant's "claim for summary judgment" should be **DENIED**.

**SO RECOMMENDED** on this 24th day of January 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[12] In his reply, Defendant states that he does "not understand the alleged promissory note" and asks for "the bank" to "explain all the stipulations of this alleged promissory note [and] how it works." (doc. 48 at 7-8.)

[13] To the extent that Defendant's *pro se* allegations regarding a failure of proof can be liberally construed as a motion to dismiss under Rule 12(b)(6) or (c) challenging the sufficiency of the allegations in the complaint, the motion should also be denied. As noted, Plaintiff's complaint sufficiently pleads facts supporting all elements of a claim for foreclosure upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE