IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-SL1,**<br>             Plaintiff,<br><br>v.<br><br>**CHARLES MICHAEL COMSTOCK, JAMES LAWRENCE COMSTOCK, THE UNKNOWN HEIRS AT LAW OF CHARLES THEODORE COMSTOCK, DECEASED, AND THE UNKNOWN HEIRS AT LAW OF SALLYANN COMSTOCK, DECEASED,**<br>             Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br>Civil Action No. 3:16-CV-3210-G-BH<br><br><br><br><br><br><br><br><br>**Referred to U.S. Magistrate Judge** |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation are defendant Charles Michael Comstock's "*Writ of Quo Warranto #1*" (doc. 86) and "*Writ of Quo Warranto #2*" (doc. 87), both filed on June 11, 2018.  Both writs should be **DENIED**.

On June 11, 2018, it was recommended that a previous "*Writ of Quo Warranto*" (doc. 84) filed by Charles Michael Comstock (Comstock) be denied in this suit. (doc. 85.) Later that same day, Comstock filed two additional "writs of quo warranto" that similarly challenge the "authority" and "jurisdiction" of this Court to adjudicate this action. (docs. 86, 87.) The first writ is an identical copy of his previously filed writ, and it should be denied for the same reasons, namely that a writ of quo warranto is brought by a state or sovereign and that both subject matter and personal jurisdiction

have been established in this case. (*See* doc. 85 at 5-7.)

The second writ also questions the jurisdiction of this Court, and it additionally cites to a Minnesota Justice of the Peace state court decision for the proposition that the underlying mortgage in this suit is void because "Federal Reserve Notes are contrary to the Constitution" and that "[o]nly gold and silver coin is lawful tender." (doc. 87 at 3) (citing *First National Bank of Montgomery v. Daly*, No. 19144 (Minn. Justice Court County of Scott Township of Credit River, Dec. 9, 1969)). Federal courts, including the Fifth Circuit, have consistently rejected this theory. *Foret v. Wilson*, 725 F.2d 254, 254-55 (5th Cir. 1984) (holding that the "argument, that only gold and silver coin may be constituted legal tender by the United States, is hopeless and frivolous"); *see United States v. Greenstreet*, 912 F. Supp. 224, 229 (N.D. Tex. 1996) (rejecting argument that attacked "the legitimacy of federal reserve notes" as being "irrational"); *see also Tuttle v. Chase Home Fin., LLC*, No. 2:08-CV-574, 2008 WL 4919263, at *3-4 (D. Utah Nov. 17, 2008) (collecting cases in the home mortgage and foreclosure context). The theory espoused in Comstock's "Writ of Quo Warranto #2" should be similarly denied. *See Foret*, 725 F.2d at 254-55.

To the extent that Comstock's two "writs of quo warranto" challenge jurisdiction or seek relief, they should both be **DENIED**.

**SO RECOMMENDED** on this 12th day of June 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE